THE UNITED PORTO RICAN BANK, demandante y apelante, *v.* IRENE CARATTINI VDA. DE MENDOZA, FERNANDO, HIPÓLITO, IRENE y OFELIA MENDOZA, ET ALS., demandados y apelados.

No. 6251.—*Resuelto:* Julio 29, 1933.

*Walter L. Newsom, Jr., E. T. Fiddler* y *F. González, Jr.,* abogados de la apelante; *Tous Soto & Zapater,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

La parte apelante solicita la reconsideración de la orden dictada por nosotros en 31 de mayo de 1933 desestimando el recurso de apelación interpuesto por no haber sido notificado a las partes demandadas (ante, pág. 180). Admite la apelante que la demandada tiene interés en la controversia, pero alega que la misma no está envuelta en esta apelación. En la moción solicitando la reconsideración se copia de nuestra opinión parte de un párrafo que transcribimos en toda su integridad:

"No hay duda alguna de que los demandados son legítimos dueños de los bueyes objeto de esta controversia suscitada entre la demandante y el Banco de Ponce. La demandante sostiene que el *marshal* carecía de autoridad para apoderarse de los bueyes, que estaban en poder de un depositario en virtud del embargo, y niega que el Banco de Ponce tenga hipoteca alguna sobre los bueyes embargados. Por el contrario el Banco de Ponce alega que se trata de los mismos bueyes hipotecados y que el *marshal* actuó dentro de sus atribuciones. A nuestro juicio los demandados como dueños legítimos de los bueyes son partes interesadas, sin que pueda decirse que

no han de resultar afectados por la resolución que se dicte en este caso. Si realmente estos bueyes han sido hipotecados al Banco de Ponce, los demandados tienen derecho a que se les descuente de su obligación el importe de los mismos, una vez aplicado al pago de la deuda, y a que se les releve desde esa fecha del pago de intereses por la suma así satisfecha. Tanto The United Porto Rican Bank como el Banco de Ponce pretenden aplicar estos bueyes al pago de ciertas obligaciones que se alega han sido contraídas a su favor por el causante de los demandados. Mientras éstos sean dueños legítimos de los referidos bienes, cualquier paso que se inicie por la vía judicial para privarles del dominio de los mismos tiene que afectarles indirectamente. Es verdad que en este caso se trata de una contienda entre dos acreedores sobre los bienes de los demandados, pero esto no quiere decir que para dirimir esta contienda se prescinda de los legítimos dueños, para los cuales quizá no sea lo mismo una solución que otra, es decir, que los bueyes continúen embargados o que sean aplicados por el Banco de Ponce al pago de su alegado crédito hipotecario.''

"Entendemos", dice la apelante luego de transcribir nuestras palabras, "que los demandados tienen interés en dicha controversia, pero que la misma no está envuelta en esta apelación ni debió haber sido objeto de consideración en la corte inferior."

Arguye la apelante que la cuestión planteada ante la corte inferior era si el márshal podía apoderarse de los bueyes en *custodia legis* sin permiso de la corte. Aun cuando sea ésta la cuestión debatida y aun cuando tenga la importancia que le atribuye la parte apelante, entendemos que los demandados, como dueños legítimos de los bueyes, han debido ser notificados del recurso de apelación. No estamos penetrando ni podemos penetrar en los méritos de la cuestión planteada al resolver esta moción. Nos limitamos a declarar que la apelación interpuesta debe ser desestimada por las razones aducidas en nuestra opinión.

*No ha lugar a la reconsideración solicitada.*